## No. 4705.

25 663<br>49 1383

### Mrs. CHARLOTTE M. CONNER *v.* Mrs. A. L. BRASHER et al.

Express mention must be made in the nuncupative will by public act that the witnesses were present at the time it was received by the notary and dictated by the testator, otherwise the instrument does not conform to the requirements of article 1578 of the Revised Code, and is therefore void.

That the witnesses came with the testator to the office of the notary and were present when the will was read to him, is not sufficient. This might be strictly true, and yet the witnesses might not be present at the dictating and writing of the testament.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. Horner & Benedict*, for plaintiff and appellant. *Race, Foster & Merrick*, for defendant and appellee.

WYLY, J. The plaintiff appeals from the judgment rejecting her demand to annul the nuncupative will by public act of John Thomas Osburn, deceased, on the ground that the formalities required by article 1578 of the Revised Code were not observed in making it. The instrument states that personally appeared before the notary, William L. Pool, at his office, " John Thomas Osburn, an old resident of this city, and with him also came the three witnesses hereinafter named and hereto subscribing, which said John T. Osburn declared, although he was in the enjoyment of his ordinary good health, suffering more from blindness than from any other malady, yet he felt admonished by his advancing age of the uncertainty of life, and that while blessed with sound mind, memory and understanding, it was only a measure of becoming consistency that he should adjust the affairs of his estate and effects according to his own discretion and judgment, and he

therefore requested of me, notary, to receive his last will and testament as he would dictate the same to me, in the following words, to wit." (Here follow the dispositions, which need not be considered.) And the testament closes: "Thus, I, notary, have written the foregoing will without interruption or turning aside to other acts, as the said testator dictated the same to me, and having read the same to him in the presence of the witnesses, in a loud and intelligible voice, he, said testator, declared that he heard and understood the same perfectly well, and persisted therein. Done in the presence of Aaron Johnson French, Louis Choate and Isaac T. Hinton, all witnesses of the lawful age of majority, and domiciliated in this city, who hereto sign their names with said testator and me, notary (the said testator making his mark hereto, being prevented from writing his name ever since his affliction of blindness); all on the day, month and year hereinbefore written."

We find in this will no express mention that the witnesses were present at the time it was received by the notary, and dictated by the testator. That they came with him to the office of the notary, and were present when the will was read to him was not sufficient. This might be strictly true, and yet the witnesses might not be present at the dictating and writing of the testament. The instrument does not conform to the requirements of article 1578 of the Revised Code, and it is therefore void. 21 An. 115; 12 La. 117; 8 An. 469; 11 An. 108; 20 An. 203.

It is therefore ordered that the judgment herein be annulled and reversed, and it is further ordered that the nuncupative will by public act of John Thomas Osburn be annulled and avoided; that the probate thereof be revoked, and all proceedings thereunder be set aside, defendants paying costs of both courts.